**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joseph Leonard Brown, Appellant.

Appellate Case No. 2018-001770

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2021-UP-394
Submitted October 1, 2021 – Filed November 10, 2021

**AFFIRMED**

Appellate Defender Taylor Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Isaac Stone, III, of Bluffton, all for Respondent.

**PER CURIAM:** Joseph Leonard Brown appeals his convictions and aggregate thirty-year sentence for attempted murder and possession of a weapon during the

commission of a violent crime.  On appeal, Brown argues the trial court erred by failing to conduct a complete *Batson*[1] analysis.

During the *Batson* hearing, the trial court found the State presented a valid race-neutral reason for striking a black potential juror and asked Brown if he had "anything else" to present to the court.  Brown answered in the negative; thus, he failed to point to direct evidence of racial discrimination or pretext after the State provided a valid race-neutral reason for striking the black potential juror.  Therefore, we find Brown failed to preserve this issue for appellate review and affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Inman*, 409 S.C. 19, 27, 760 S.E.2d 105, 108 (2014) ("[S]tep three of the [*Batson*] analysis requires the court to carefully evaluate whether the party asserting the *Batson* challenge has proven racial discrimination by demonstrating that the proffered race-neutral reasons are mere pretext for a discriminatory intent."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Prioleau*, 345 S.C. 404, 411-12, 548 S.E.2d 213, 217 (2001) (holding that a party may not argue one ground at trial and an alternate ground on appeal); *I'On, L.L.C. v. Town of Mount. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("The losing party must first try to convince the lower court [it has] ruled wrongly and then, if that effort fails, convince the appellate court that the lower court erred.  This principle underlies the long-established preservation requirement that the losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments.").

**AFFIRMED.**[2]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.